IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03706-S-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Juan S.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 3). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

## Background

Plaintiff alleges that he is disabled due to lumbar spine degenerative disc disease, osteoarthritis of the knees, chronic hypertension, high cholesterol, diabetes, obesity, and right eye vision loss. *See* Pl.'s Br. 9-10 (ECF No. 23); Admin. R. 183 (ECF No. 13-1). He was born in 1957 and was 61 years old at his alleged disability onset. *See* Admin. R. 168. Plaintiff has only a limited education and has past work experience as an electrician. *Id.* at 36, 38.

On February 13, 2019, Plaintiff applied for a period of disability and disability insurance benefits (DIB). *Id.* at 155. In his application, Plaintiff alleged disability beginning December 1, 2018. *Id.* at 168. After the Commissioner denied Plaintiff's application initially, *id.* at 51, and upon reconsideration, *id.* at 82, an administrative law judge (ALJ) held a hearing to determine Plaintiff's disability status. *Id.* at 31. The hearing took place in Dallas, Texas, on June 23, 2020. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB. *Id.* at 13. In her decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2018, the alleged onset date. Admin. R. 21. At steps two and three, the ALJ found that Plaintiff had the severe impairments of obesity and right eye vision loss. *Id.* But the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 23. Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform less than a full range of medium work. *Id.* Specifically, the ALJ found that Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently; can stand and/or walk six hours in an eight-hour workday and sit for six hours in an eight-hour workday; can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; and can perform jobs that do not require depth perception. *Id.* At step four, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform his past relevant work as an electrician as it is actually and generally performed in the national economy. *Id.* at 26.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 4-6. The Council denied review. *Id.* at 4. Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ failed to accurately determine Plaintiff's severe impairments at step two, and that the ALJ relied on flawed VE testimony at step four. Pl.'s Br. 9, 16.

**Legal Standard**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

**Analysis**

Among Plaintiff's arguments is a single ground that compels remand—that the ALJ relied on flawed VE testimony in determining that Plaintiff could perform his past relevant work at step four. Specifically, Plaintiff argues that the VE incorrectly categorized his past relevant work as falling under code 829.684-014

4

in the Dictionary of Occupational Titles (DOT), and that the ALJ relied on this errant categorization in determining that Plaintiff could perform his past relevant work as an electrician. Pl.'s Br. 19-20.

Plaintiff has described his previous work as a journeyman electrician in a commercial setting, testifying that, in this work, he had to run pipe, pull cable, and climb ladders. Admin. R. 40, 42-43. In his work history report, Plaintiff represented that his duties required him to change lightbulbs, make repairs to electrical plugs, carry spare wire and ladders, and replace electric lines in multi-level buildings and at construction sites. *Id.* at 218-24. Plaintiff's work history reports show that he performed this work while employed at an electric company, an electrical maintenance company, a temporary employment agency, and a construction company. *Id.* at 173, 201, 218.

At the hearing, the ALJ asked the VE to classify this previous work experience. Admin. R. 47. The VE classified Plaintiff's past work as "electrician, 829.684-014." *Id.* The DOT code that the VE cited, 829.684-014, corresponds to the title "body wirer." DOT 829.684-014. According to the DOT, a body wirer "[i]nstalls circuit wiring. . . [l]ocates and marks positions for outlet boxes on walls and ceiling[s] . . . [c]uts openings and drills holes for wire, . . . [t]hreads wires or preassembled cables through holes, . . . [i]nstalls fixtures and boxes in openings, . . . [and] [c]onnects terminals to power source[s]." *Id.* Critically, a body wirer, as defined by the DOT, performs these services "in travel trailers and similar vehicles." *Id.*

5

Plaintiff argues that there is a "direct and obvious conflict between [the jobs and duties Plaintiff] described and the VE's classification" of Plaintiff's past work under code 829.684-014. Pl.'s Br. 20-21. Plaintiff contends that the ALJ had a duty to resolve this conflict before relying on the VE's testimony, and that her failure to do so renders her decision unsupported by substantial evidence. *Id.* at 21. The Commissioner does not dispute this alleged conflict. Instead, the Commissioner argues that Plaintiff is "[i]mproperly taking on the role of a vocational expert," and that he has waived this argument because his counsel did not object to the VE's testimony at the hearing. Def.'s Resp. 6-7 (ECF No. 24).

"[B]efore relying on a VE's opinion, an ALJ must ensure that the VE's opinion does not conflict with the DOT." *Bailey v. Saul*, 853 Fed. Appx. 934, 937 (5th Cir. 2021) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). However, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). The critical distinction, then, is whether the conflict is merely "implied or unexplained" or "direct and obvious." *Id.*; *see also Bailey*, 853 Fed. App'x at 937. If the conflict is "direct and obvious," then it is error for the ALJ to rely on the VE's opinion without resolving the conflict. *Jacquelyn S. v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4359412, at *6 (N.D. Tex. Aug. 27, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 4318885 (N.D. Tex. Sept. 12, 2019); *see also Griffin v. Kijakazi*, 2021 WL 4163564, at *2 n.3 (N.D. Miss. Sept.

13, 2021). But if the conflict is "implied or unexplained," then the plaintiff has an affirmative responsibility to preserve the potential error at the hearing stage. *Carey*, 230 F.3d at 146.

In this case, Plaintiff admits that he did not object to the VE's testimony at the hearing. Pl.'s Reply 8 (ECF No. 25). Accordingly, if the conflict Plaintiff identifies in the VE's testimony was not direct and obvious, then the ALJ's failure to resolve it was not reversible error.

The Court finds that the conflict between Plaintiff's demonstrated past relevant work and code 829.684-014 is direct and obvious—to the point the ALJ should have resolved the conflict before relying on the VE's testimony. *See Dunn v. Colvin*, 2013 WL 4756377, at *6 (N.D. Tex. Sept. 4, 2013) (Means, J.) ("If the ALJ resolves the conflict in favor of the VE, the ALJ must articulate a plausible reason for accepting testimony that conflicts with the DOT so that the hearing decision is susceptible to meaningful judicial review." (citation and internal quotation marks omitted)). None of the evidence of record regarding Plaintiff's past relevant work demonstrates that he worked as a "body wirer." He did not install circuit wiring, locate and mark positions for outlet boxes, install fixtures and boxes in openings, cut openings and drill holes for wire, or connect terminals to power sources. *See* DOT 829.684-014. At most, Plaintiff's testimony that he ran pipe and pulled cable could arguably correspond to the DOT description of "[t]hread[ing] wires or preassembled cables through holes." *Id.* But even this

7

arguable similarity is unavailing because body wirers, according to the DOT, work on travel trailers or similar vehicles—something Plaintiff has never done. *See id.*

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show he was prejudiced by the ALJ's failure to resolve this conflict. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). To establish prejudice, Plaintiff must show that the ALJ's failure to properly resolve the conflict in the VE's testimony and the DOT casts doubt onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) (Boyle, J.) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

In this case, the ALJ's failure to resolve the conflict between the VE's testimony and the DOT is clearly harmful. The ALJ's analysis ended at step four because of this error. If the VE had correctly classified Plaintiff's past relevant work, the ALJ's step-four finding probably would have been different. To illustrate, Plaintiff identifies two other DOT codes that fit Plaintiff's past relevant work— 829.261-018 and 824.261-010. Both of these alternative codes correspond to Plaintiff's testimony regarding work on light fixtures, general electrical repairs, and running and pulling cable. *See* DOT 829.261-018 & 824.261-010. This fact is

especially critical because the ALJ found that Plaintiff cannot perform any jobs that require depth perception, and, according to the Selected Characteristics of Occupations (SCO), both of these alternative codes require occasional depth perception. Admin R. 23; SCO 69, 70.

It is thus apparent that, if the VE had classified Plaintiff's past relevant work as falling under 829.261-018 or 824.261-010, the ALJ would have made a different step-four finding. Of course, there may be other codes that are more appropriate for Plaintiff's past relevant work—which may have different requirements under the SCO that Plaintiff does not meet. The critical point is that, "[w]ithout some explanation for the conflict, the Court cannot conduct a meaningful judicial review." *Martin v. Saul*, 2020 WL 4382133, at *6 (W.D. Tex. July 30, 2020). Accordingly, the ALJ's error was harmful, and remand is required in this case.

Finally, Plaintiff also argues that the ALJ failed to recognize his lumbar spine degenerative disc disease and osteoarthritis of the knees as severe impairments. *See generally* Pl.'s Brief 9-13. The Court pretermits consideration of this argument because the Court finds the ALJ's determination that Plaintiff can perform his past relevant work is not supported by substantial evidence.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the

Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** August 18, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).